# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re:                                                      Case No. 20-11286

     JUSTIN WAYNE KELLEY,

                                                                        Chapter 7

        Debtor(s).

**PURSUANT TO M.D. ALA., LBR 9007-1, THIS FILING WILL BE TAKEN UNDER ADVISEMENT BY THE COURT AND MAY BE GRANTED/APPROVED UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN TWENTY-ONE (21) DAYS OF THE DATE OF SERVICE. RESPONSES MUST BE SERVED UPON THE MOVING PARTY AND, IN THE MANNER DIRECTED BY M.D. ALA., LBR 5005-4, FILED WITH THE CLERK ELECTRONICALLY OR BY U.S. MAIL ADDRESSED AS FOLLOWS: CLERK, U.S. BANKRUPTCY COURT, ONE CHURCH STREET, MONTGOMERY, AL 36104.**

## MOTION TO AVOID JUDICIAL LIEN OF INNOVATIONS FEDERAL CREDIT UNION PURSUANT TO § 522(f)

Debtor(s) seeks to avoid the judicial lien (the "Lien") securing the debt listed (the "Debt") because it impairs Debtor(s)' available exemption(s).

    1. On 2/24/2020, Innovations Federal Credit Union obtained a security interest in certain real and personal property.

| **Description of the Lien** *[For a judicial lien, provide the recording information for the judicial lien, including the date of the recording, the book and page numbers or instrument number, and the county/counties of the recording office(s). For a nonpossessory, nonpurchase money security interest, list the date of the security agreement, the UCC filing number, or other identifying information.]:* |
|---|
| RECORDED JUDGMENT File # 2020014064, OR BK: 4225 PG: 575, Pages: 1 of 2, Recorded 2/24/2020 at 1:06 PM, Bill Kinsaul, Clerk Bay County, Florida, Deputy Clerk KB Trans # 1589609 Filed 02/24/2020 11:27 AM, Bill Kinsaul Clerk of Circuit Court |
| RECORDED JUDGMENT File # 2020018033, OR BK: 4225 PG: 2343, Pages: 1 of 2, Recorded 3/10/2020 at 10:00 AM, Bill Kinsaul, Clerk Bay County, Florida, Deputy Clerk RM Trans #1592696 |

    2. The Lien is a on the following real and personal property of the debtor:

| **Property** *(For a judicial lien, "the real and personal property of the Debtor situated in the county/counties where the judgment lien is recorded" may be a sufficient property description. For a nonpossessory, nonpurchase money security interest, specifically describe the items pledged as collateral for the debt* | **Value of Property** *(as listed on Schedules A/B)* |
|---|---|

| | |
|---|---|
| The real property of the Debtor situated in the county/counties where the Judgment Lien is recorded. | $0.00 |
| The personal property of the Debtor situated in the county/counties where the Judgment Lien is recorded. | $2,791.27 |

3. Impairment Calculation based on type of Property:

**3.1 ☐ Real Property:** ☒ None

The Lien, all other liens, and Debtor(s)' exemptions are as follows:
    a. the Lien in the amount of $0.00;
    b. the amount of all other liens on Debtor(s)' property totaling $0.00;
    c. and the amount of the exemption that the Debtor(s) could claim if there were no liens on the property are $0.00.
    d. The sum of a, b, and c above is $0.00.
    e. Impairment: The total of $0.00 [d] minus the value of Debtor(s)' interest in property, as listed on Schedules A/B, is $0.00. [e].
        a. If the impairment is greater than the amount of the Lien, check the box for total avoidance below.
        b. If the impairment is less than amount of the Lien, check the box for partial avoidance and complete calculations for amount to be avoided.

Based on the calculations above, the Lien on real property should be avoided as follows:

☐ Total Avoidance:
    Because total amount of Debtor(s)' exemption [c] exceeds the value of the property, Debtor requests the Lien should be avoided in full upon discharge pursuant to §522(f).

☐ Partial Avoidance:
    Amount of the Lien subject to avoidance less the impairment [e] is $0.00, and Debtor requests the lien be avoided except for $0.00 [e] upon discharge pursuant to §522(f).

**3.2 ☒ Personal Property:** ☐ None

The Lien, all other liens, and Debtor(s)' exemptions are as follows:
    a. the Lien in the amount of $20,372.73;
    b. the amount of all other liens on Debtor(s)' property totaling $0.00;
    c. and the amount of the exemption that the Debtor(s) could claim if there were no liens on the property are $7,750.00.
    d. The sum of a, b, and c above is $28,122.73.
    e. Impairment: The total of $28,122.73 [d] minus the value of Debtor(s)' interest in property, as listed on Schedules A/B, is $25,331.46. [e].

      a. If the impairment is greater than the amount of the Lien, check the box for total avoidance below.
      b. If the impairment is less than amount of the Lien, check the box for partial avoidance and complete calculations for amount to be avoided.

Based on the calculations above, the Lien on personal property should be avoided as follows:

☒ Total Avoidance:
Because total amount of Debtor(s)' exemption [c] exceeds the value of the property, Debtor requests the Lien should be avoided in full upon discharge pursuant to §522(f).

☐ Partial Avoidance:
Amount of the Lien subject to avoidance less the impairment [e] is $0.00, and Debtor requests the lien be avoided except for $0.00[e] upon discharge pursuant to §522(f).

Dated: 7/17/2024

/s/ Brant Swartz
Brant Swartz (SWA027)
Attorney for debtor(s)
Post Office Drawer 311167
Enterprise, Alabama 36331-1167
(334) 393-4357
(334) 393-0026 FAX
bankruptcy@brockandstoutlaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on this date, a true and correct copy of the foregoing Motion to Avoid Choose an item. was served upon all creditors and parties in interest as follows:

**by CM/ECF:**
Sabrina L. McKinney, Chapter 13 Trustee
Danielle K. Greco, Bankruptcy Administrator

**by First Class Mail, postage prepaid:**
Innovations Federal Credit Union
ATTN: Collections Dept.
P.O. Box 15529
Panama City, FL 32406-5529

**Other:**

Dated: 7/17/2024

/s/ Brant Swartz
Brant Swartz (SWA027)
Attorney for debtor(s)
Post Office Drawer 311167
Enterprise, Alabama 36331-1167
(334) 393-4357
(334) 393-0026 FAX
bankruptcy@brockandstoutlaw.com